### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNELL McKNIGHT, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 09-CV-625-TCK-FHM |
| ) | |
| WALTER DINWIDDIE, Warden, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER

On September 21, 2009, Petitioner, a state inmate appearing *pro se*, filed a petition for writ of habeas corpus (Dkt. # 2) in the United States District Court for the Eastern District of Oklahoma. He also paid the $5.00 filing fee. Petitioner cited 28 U.S.C. § 2241 as authority for his petition. However, by minute order filed September 22, 2009, the Court determined that this matter "is more properly characterized as a 28 U.S.C. § 2254 action." See Dkt. # 5. By Order filed September 23, 2009 (Dkt. # 6), the petition was transferred to this District Court for all further proceedings. In his petition, Petitioner challenges the constitutionality of his ongoing incarceration based on his conviction entered in Tulsa County District Court, Case No. CRF-1983-2760.

A review of Petitioner's previous case filings reveals that he has in the past filed another habeas corpus action in this Court.[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA")

---

[1] The Court's records show that Petitioner filed a 28 U.S.C. § 2254 habeas corpus petition in Case No. 86-C-558-JOE, challenging the same conviction at issue in the instant case. By Order filed May 20, 1988, Petitioner's request for habeas corpus relief was denied. Petitioner commenced an appeal in the Tenth Circuit Court of Appeals. By Order filed in this Court on July 16, 1990, in Case No. 89-5163, the Tenth Circuit affirmed this Court's denial of habeas corpus relief. On October 20, 1993, Petitioner filed a motion to vacate the judgment entered against him. Petitioner's post-judgment request for relief was denied. Petitioner appealed from the denial of his request for post-judgment relief. However, on October 16, 1995, Petitioner's appeal to the Tenth Circuit was

instituted a "gatekeeping" procedure for second or successive habeas petitions. Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by the AEDPA, a petitioner must first seek authorization from the Court of Appeals before filing a second or successive habeas petition in the District Court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Given the Court's consideration of Petitioner's first habeas corpus petition, the instant petition is a second or successive habeas corpus petition. Nothing in the record indicates that Petitioner has received authorization from the Court of Appeals before filing this petition in federal district court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it

---

dismissed for lack of jurisdiction. McKnight v. White, 1995 WL 607623 (10th Cir. 1995) (unpublished). More recently, Petitioner sought mandamus relief in the United States District Court for the District of Colorado. In that action, Petitioner sought recall of the Tenth Circuit's mandate entered in Case No. 89-5163. The federal district court denied the requested relief and Petitioner appealed. By Order filed August 2, 2007, in Case No. 06-1513, the Tenth Circuit affirmed the federal district court's denial of relief. See McKnight v. Shumaker, 2007 WL 2202924 (10th Cir. 2007) (unpublished).

is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon examination of the petition filed in this case, the Court finds that none of the claims is meritorious. Petitioner asserts that the Court lacked jurisdiction to grant a motion to alter or amend judgment filed by Respondent in N.D. Okla. Case No. 86-C-558-JOE, and to conduct an evidentiary hearing on his habeas corpus issues. As a result, he claims that his current incarceration is illegal. That claim is without merit.[2] None of Petitioner's claims is based on new evidence or an intervening change in law. Furthermore, Petitioner's claims are clearly time-barred.[3] The challenged

---

[2] In his petition, Petitioner states that he "was tried and convicted in the United States District Court of the Northern District Federal Court of Oklahoma for First Degree Manslaughter and his life sentence reinstated contrary to Rogers, 365 U.S. at 547-48." See Dkt. # 2 at 3. Petitioner's statement is erroneous. He was in fact convicted of First Degree Manslaughter on his plea of guilty entered in Tulsa County District Court, Case No. CRF-1983-2760. In post-conviction proceedings filed in that case, Petitioner admitted "dousing his spouse with gasoline from a 8 Fluid ounce pickle jar" in order to coerce her into having sexual relations with him. He also admitted that "the fumes from the gasoline ignited, causing an explosion when Petitioner flicked the 'bic lighter' which set his spouse afire." See Dkt. # 2, attached order filed July 6, 1987, in N.D. Okla. Case No. 86-C-558-JOE, at 2. In the prior habeas corpus action, the Court denied his request for habeas corpus relief.

[3] Petitioner's one-year limitations period for any challenge to his conviction entered in Tulsa County District Court, Case No. CRF-1983-2760, expired on April 24, 1997, or one-year after enactment of the AEDPA. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). The Court notes that Petitioner has attempted, without success, to obtain post-conviction relief in the state courts. Most recently, on April 27, 2009, the Oklahoma Court of Criminal Appeals affirmed the denial of Petitioner's sixth application for post-conviction relief. See www.oscn.net. Petitioner would be entitled to tolling of the limitations period for any post-conviction application filed during the one-year grace period. However, he is not entitled to tolling of the limitations period during the pendency of any of his collateral proceedings commenced after the expiration of the one-year period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (stating that a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). Given the lengthy passage of time in this case, the Court finds statutory tolling would be insufficient to save this petition.

Order was entered October 2, 1987, or almost twenty-two (22) years ago. Nothing suggests that Petitioner is entitled to either statutory or equitable tolling of the one-year limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978.

Because the claims asserted in this second or successive petition for writ of habeas corpus are untimely and without merit, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed for lack of jurisdiction.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 2) is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.
2. This is a final Order terminating this action.

DATED THIS 29th day of September, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE